THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | CASE NO. C15-0796-JCC |
| Plaintiff, | ORDER |
| v. | |
| ASTRO AUTO WRECKING, LLC, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's detailed accounting of litigation costs (Dkt. No. 92) and Defendant's objections (Dkt. No. 94). The prevailing party in a citizen suit under the Clean Water Act is entitled to an award of the "costs of litigation (including reasonable attorney and expert witness fees)." 33 U.S.C. § 1365(d). As the prevailing party in this case (Dkt. No. 91 at 11), Plaintiff seeks litigation expenses in the amount of $203,463.30. (Dkt. No. 92 at 2.) The amount is composed of the following:

- $177,468.50 in attorney fees from counsel at Smith & Lowney, PLLC.
- $20,906.65 in expert witness fees.
- $5,088.15 in litigation expenses and mediator fees.

(Dkt. No. 93 at 1, 5, 39–41.)

The Court makes the general observation that—save for one instance discussed below—the billing rate and hours spent on this case were reasonable, especially in light of its factual

complexity and the efforts made by Plaintiff's counsel to reduce attorney fees by over $18,000. (Dkt. No. 92 at 2.) The Court also considers the following objections made by Defendant Astro Auto Wrecking.

First, Defendant argues that a fee and cost award is not justified and even if it is, special circumstances exist to deny the award. (Dkt. No. 94 at 2–3.) As to whether an award is justified, the Court addressed this issue in a previous order and will not reconsider it here. (Dkt. No. 91 at 11.) The cases Defendant cites in support of its special circumstances argument deal with counsel failing to adequately brief the issues presented to the Court. (Dkt. No. 94 at 3–4.) That is not the case here. A fee and cost award is justified.

Second, Defendant argues that Plaintiff frequently employs "block billing" and those hours should be reduced by 20%. (*Id.* at 4–5.) While the Ninth Circuit has endorsed a district court's reduction of block billing, *see, e.g.*, *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), this Court finds that Plaintiff's counsels' entries give "sufficient information for the Court to assess the nature of the work done." *See Campbell v. Catholic Cmty. Servs.*, 2012 U.S. Dist. LEXIS 190096, at *14 (W.D. Wash. Aug. 8, 2012).

Third, Defendant maintains that the Court should not award fees for intra-office conferences and communication with the client. (Dkt. No. 94 at 6.) This Court disagrees, as both of these activities are essential to the role of a lawyer, and to deny fees for communication disincentivizes sound lawyering. While the Ninth Circuit has upheld the denial of fees for intra-office conferences in rather straightforward matters, or where one attorney declared he could do the work unassisted, *see, e.g.*, *Welch*, 480 F.3d at 949, this case dealt with many provisions of the Clean Water Act and as such was fairly complicated. The Court will not penalize Plaintiff's counsel for collaboration.

Fourth, Defendant argues that attorney fees should be reduced because of overstaffing, grossly excessive billing, and meaningless or fruitless work. (Dkt. No. 94 at 6–8.) For the most part, the Court disagrees. Mr. Smith did not bill for many of his documented hours. (Dkt. No. 93-

1 at 2–15.) Overall, Plaintiff's counsel expended 644 hours on litigation lasting almost two years and including trial, in which they sought to prove thousands of CWA violations. (Dkt. Nos. 1, 91, and 93-1 at 15.) The Court finds this reasonable. The only area worthy of reduction is the 34.1 hours necessary to prepare for the direct examination of Victor Young. The Court finds this excessive and reduces that amount by 50%, or $3,921.50.

Finally, Defendant seeks to exclude travel and meal expenses incurred during trial and mediation. (Dkt. No. 94 at 8.) The case cited by Defendant, *MKB Constructors v. Am. Zurich Ins. Co.*, is unhelpful as it held that under the Insurance Fair Conduct Act (IFCA), certain expenses were not necessary to establish coverage. 83 F.Supp.3d 1078, 1096 (W.D. Wash. 2015). Plaintiff is not seeking litigation expenses under IFCA.

For the foregoing reasons, the Court FINDS that Plaintiff Waste Action Project is entitled to an award of attorney fees and costs in the amount of $199,541.80.

DATED this 16th day of June, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE